UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BRIAN HOFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CAUSE NO.  3:17-CV-110 |
| ) | |
| SCIENCE APPLICATIONS ) | |
| INTERNATIONAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brian Hoffman ("Hoffman"), by counsel, brings this action against Defendant, Science Applications International Corporation ("Defendant"), and shows as follows:

### OVERVIEW

1. Defendant interfered with rights afforded to Hoffman under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 et. seq.  Hoffman also contends that Defendant failed to restore Hoffman after it required him to take a leave that he did not initiate. Hoffman also alleges that he was discriminated against because of one or more of his disabilities in violation of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq. Hoffman contends that Defendant failed to engage in the interactive process or afford him a reasonable accommodation and removed him from a position because of his disability(ies)

### PARTIES

2. Hoffman is employed by Defendant.  He worked in Crane, Indiana.

3. Defendant is a corporation that conducts business and maintains offices in various locations including Crane, Indiana.

1

4. Hoffman was an 'eligible employee' as that term is defined by 29 U.S.C. §2611(2). Moreover, Hoffman was an 'employee' as defined by 42 U.S.C. §12111(4). He is/was disabled as that term is defined by the ADA. Nevertheless, he could perform his job duties with or without a reasonable accommodation.

5. Defendant is an 'employer' as that term is defined by 29 U.S.C. §2611(4) and as defined by 42 U.S.C. §12111(5)(A).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331, 29 U.S.C. §2617(a)(2), and 42 U.S.C. §12117(a).

7. Hoffman exhausted his administrative remedies by filing a charge of discrimination with the EEOC, receiving a Dismissal and Notice of Suit Rights, and filing the instant matter within 90 days of receipt thereof.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Northern District of Indiana and all parties are located herein.

## FACTUAL ALLEGATIONS

9. Hoffman was hired Defendant in or about April 2009.

10. Hoffman's performance met Defendant's expectations.

11. Defendant employed Hoffman as an Engineering Technician IV. Hoffman was hired to monitor and test security systems at a joint military base.

12. In May 2016, Hoffman was diagnosed with two (2) medical conditions. Hoffman reported his conditions to his supervisor in July 2016.

13. Thereafter, Hoffman received regular treatment.  Moreover, Defendant permitted Hoffman – like it did other employees – to come in late and take paperwork home as necessary.

14. On October 17, 2016, Hoffman's supervisor told him he was going to be removed from the facility because he was a 'liability' and because it was not a good idea for him to be on a ladder given the medication he was taking.  Hoffman climbed a ladder perhaps twice a week to perform his job duties.

15. Hoffman challenged this explanation that he was provided.  He was thereafter told a variety of conflicting reasons why he was being removed from the facility.

16. Hoffman attempted to engage in the interactive process by offering to bring in a letter from his doctor indicating that his conditions would not interfere with his ability to perform his job.  Hoffman was told that he 'shouldn't bother' because it 'wasn't going to work.'

17. Moreover, Hoffman was told he should expect it to take a long time for him to recover from his disability(ies).

18. Defendant pushed Hoffman to apply for disability benefits as it refused to return him to his or any other position.

19. Defendant also counted the time Hoffman missed against leave he is entitled to under the FMLA.

20. Hoffman was never restored to his former position.

21. Hoffman suffered financial harm as a result of Defendant's unlawful conduct.

## LEGAL ALLEGATIONS

## COUNT I – FMLA VIOLATIONS

22. Hoffman incorporates by reference paragraphs one (1) through twenty-one (21).

23. Hoffman was forced to take FMLA leave he did not need as he could have performed his job.

24. Defendant failed to restore Hoffman at the conclusion of the leave he was forced to take.

25. Defendant's unlawful conduct violated rights afforded to Hoffman by the FMLA.

26. Hoffman was harmed by Defendant's conduct.

## COUNT II - VIOLATIONS OF THE ADA

27. Hoffman incorporates by reference paragraphs one (1) through twenty-six (26).

28. Hoffman was denied any accommodation, reasonable or otherwise, without explanation.

29. Defendant failed to engage in the interactive process.

30. Defendant discriminated against Hoffman by removing him from his position,

31. Hoffman has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brian Hoffman, respectfully demands judgment against Defendant in his favor and requests that the Court grant the following relief:

a) An Order awarding Hoffman the wages he lost and the value of any other benefits he lost as a result of his unlawful termination;

b) An Order awarding Hoffman liquidated damages in an amount equal to his lost wages as a penalty;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed

by law; and

f) An Order granting such other and further relief as may be necessary and appropriate, including, but not limited to, reinstatement.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmal.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmal.com

Attorney for Plaintiff